| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in compliance with D.N.J. LBR 9004-2(c)<br><br>HILL WALLACK LLP<br>Michael Kahme, Esq.<br>Mark A. Roney, Esq.<br>21 Roszel Road<br>Princeton, NJ 08540<br>Phone: 609-924-0808<br>Fax: 609-452-1888<br>*Attorneys for Greenwich Investors XLVIII REO, LLC* | |
| In Re:<br><br>Massimo's Café, LLC,<br><br>　　Debtor. | Chapter: 11<br><br>Case No. 17-22139 (KCF) |

**CERTIFICATION OF ROGER AHRENHOLZ IN SUPPORT OF
GREENWICH INVESTORS XLVIII REO, LLC'S MOTION TO DISMISS
THE CASE OR, ALTERNATIVELY, GRANTING RELIEF FROM THE
AUTOMATIC STAY AND FOR A WAIVER OF THE 14-DAY STAY OF
THE ORDER PURSUANT TO RULE 4001(a)(3)**

I, **Roger Ahrenholz**, hereby certify as follows:

1.　I am a Senior Vice President of the PrinsBank which is the authorized loan servicer for Greenwich Investors XLVIII Trust 2014-1 ("Greenwich Trust") and Greenwich Investors XLVIII REO, LLC ("Greenwich"). Part of my responsibilities at PrinsBank is to monitor delinquent accounts held by Greenwich Trust and Greenwich, including the account of the debtor, Massimo's Café, LLC (the "Debtor"). In connection with the preparation of this Certification, I have reviewed, and am fully familiar with, the books and records kept in the ordinary course of PrinsBank's, Greenwich Trust's and Greenwich's business as it pertains to the Debtor's loan and am authorized to make this Certification on behalf of Greenwich.

2.I submit this Certification in support of Greenwich's motion to dismiss the Debtor's case or, alternatively, for relief from the automatic state with a waiver of the fourteen (14) day stay pursuant to Bankruptcy Court Rule 4001(a)(3).

A.**The Loan To The Debtor**

3.On or about September 29, 2006, the Debtor executed and delivered to 3rd Fed Bank f/k/a Third Federal Bank ("3rd Fed") a Loan and Security Agreement (the "Loan Agreement") which governed the terms and conditions of 3rd Fed's agreement to lend the Debtor the sum of $960,000.00. A copy of the Loan Agreement is attached as **Exhibit A**.

4.In order to memorialize, in part, its obligations under the Loan Agreement, on September 29, 2006, the Debtor executed and delivered to 3rd Fed a Note in the original principal amount of $960,000.00 (the "Note") with interest to accrue on the unpaid principal balance at the fixed rate of seven and one-quarter percent (7.25%) per annum. A copy of the Note is attached as **Exhibit B**.

5.In order to secure the amounts owed under the Note, on September 29, 2006, the Debtor and Massimo Mazzella executed and delivered a Mortgage and Security Agreement to 3rd Fed (the "Mortgage") on real property commonly known as 1633 Hamilton Avenue, Trenton, New Jersey, also known as Lots 5 and 6, Block 2025 of the Tax Map of the Township of Hamilton, County of Mercer, State of New Jersey (the "Mortgaged Property"), which Mortgage was recorded in the Mercer County Clerk's Office on October 20, 2006 in Book 9639, Page 45 &c. A copy of the Mortgage is attached as **Exhibit C**.

6.In order to further ensure payment to 3rd Fed under the Note, on September 29, 2006, the Debtor executed and delivered to 3rd Fed an Assignment of Rents, Leases and Profits (the "Assignment of Rents", and with the Loan Agreement, Note, Mortgage, Assignment of

2

Rents and related loan documents collectively referred to as the "Loan Documents") wherein it conveyed to 3rd Fed the rents for the Property. The Assignment of Rents was recorded on October 20, 2006 in the Mercer County Clerk's Office in Book 9639, Page 35 &c. and re-recorded on October 23, 2006 in Book 9640, Page 248&c. A copy of the Assignment of Rents is attached as **Exhibit D**.

7.      In order to further ensure payment to 3rd Fed under the Note, pursuant to the Loan Agreement, the Debtor granted 3rd Fed a security interest in, among other things, all of its accounts, deposit accounts, inventory, equipment, chattel paper, documents, instruments, investment property, money, payment intangibles, general intangibles, promissory notes and securities as more specifically described in the Security Agreement (the "Collateral"). See Exhibit A at Article 2.

8.      To perfect its interest in the Collateral, 3rd Fed, filed a U.C.C.-1 Financing Statement with the State of New Jersey on October 14, 2014, filing no. 50977156. A copy of the U.C.C.-1 Financing Statement is attached as **Exhibit E**.

**B.      The Debtor's Defaults Under the Loan Documents**

9.      The Debtor, and others, defaulted on their obligations to 3rd Fed under the Loan Documents by failing to make the required monthly payment due on June 1, 2014 and each month thereafter, among other obligations.

10.     As a result of the Debtor's default, 3rd Fed filed a lawsuit to collect the sums due and owing on the Loan Documents and to foreclose the Mortgage as described in the accompanying Certification of Mark A. Roney, Esq. (the "Roney Cert.").

11.     Thereafter, on or about March 24, 2015, National Penn Bank, successor in interest to 3rd Fed by merger, assigned the Loan Documents to Greenwich Trust. Copies of the Allonge,

Assignment of Mortgage, and Assignment of the Assignment of Rents are collectively attached as **Exhibit F**.

12. Greenwich Trust has assigned to Greenwich the Foreclosure Judgment (as defined in the Roney Cert.") and Loan Documents. The written assignment of the Law Division Judgment memorializing its transfer (as defined in the Roney Cert.) is in process. Copies of the assignment documents are collectively attached as **Exhibit G**.

C. <u>**The Status of The Mortgaged Property and the Debtor's Operations**</u>

13. Greenwich has obtained a valuation of the Mortgaged Property which reflects a value of $525,000 as of June 2, 2017. A copy of the valuation is attached as **Exhibit H**.

14. Based on publicly available information, the Mortgaged Property was listed for lease in May of 2014 and again in September 2016. It is currently listed with a commercial real estate broker, Action USA Jay Roberts Realtors, for the monthly amount of $5,500.00, including taxes.

15. The Mortgaged Property is currently vacant and has been vacant for the better part of three (3) years since the initial listing in May of 2014.

16. Since the initiation of the Foreclosure Action (as defined in the Roney Cert.), Greenwich, or its predecessors, has paid the real property taxes due on the Mortgaged Property, along with hazard insurance, due to the lack of payment by the Debtor.

17. Since the entry of the Foreclosure Judgment the Debtor has failed to make any payments to Greenwich Trust or Greenwich, although Greenwich Trust did receive the sum of $9,844.90 as the result of a bank account levy.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

_____
Roger Ahrenholz
Senior Vice President PrinsBank, the authorized loan servicer for Greenwich Investors XLVIII Trust 2014-1 and Greenwich Investors XLVIII REO, LLC

Dated: June 27, 2017